IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>SCHUSTER CO.,<br><br>    Defendant. | Civil Action No: 5:19-CV-4063<br><br>Hon. Judge Linda R. Reade |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MOTION TO EXCLUDE TESTIMONY OF SCHUSTER'S EXPERT WITNESS DR. HANVEY**

Pursuant to Federal Rule of Evidence 702, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") hereby moves to exclude testimony of Schuster's expert witness Dr. Hanvey.

A court presented with expert testimony must exercise a gatekeeping function to determine if the testimony is relevant and reliable. *Daubert*, 509 U.S. at 592-93; *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003). Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of expert testimony. Under Rule 702, expert testimony is relevant if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Expert testimony is reliable under Rule 702 if the testimony is "based upon sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592.

Defendant has offered the expert testimony of Dr. Chester Hanvey, an

1

industrial/organizational psychologist who claims to have examined the use of the CRT test at Schuster and to have found it "valid" as a selection tool that aims to lower the incidence and cost of workers' compensation injuries. Expert testimony should be based on sound scientific principles The field of industrial/organizational psychology relies on certain well-established guidelines and principles found in the government's Uniform Guidelines on Employee Selection Procedures ("UGESP") and the Society for Industrial Organizational Psychology's Principles for the Validation and Use of Personnel Selection Procedures ("SIOP Principles"). These documents set out specific standards to be used when validating selection procedures. Because Dr. Hanvey's work frequently departs from these methods and standards, it fails to meet the requirements of Federal Rule of Evidence 702 as well as *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), and its progeny and should therefore be barred.

In support of its motion, EEOC hereby submits its *Memorandum in Support of its Motion* and accompanying exhibits.

Dated: January 26, 2021                       Respectfully submitted,

                                                 *s/ Miles Shultz*
                                                 Miles Shultz
                                                 Trial Attorney
                                                 U.S. Equal Employment Opportunity Commission
                                                 230 S. Dearborn, Suite 2920
                                                 Chicago, Illinois 60604
                                                 (312) 872-9718
                                                 Miles.Shultz@EEOC.gov

# CERTIFICATE OF SERVICE

I, Miles Shultz, certify that on January 26, 2021, I filed the foregoing document via ECF which will send notification of such filing via e-mail to all counsel of record:

<u>For Defendant Schuster</u>:
Douglas Phillips, phillips@klasslaw.com
Timothy Clausen, clausen@klasslaw.com

                                              *s/ Miles Shultz*
                                              Miles Shultz
                                              Counsel for Plaintiff EEOC